*E-filed on* 6/14/07

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RAFAEL DIAZ,<br><br>  Plaintiff,<br><br>  v.<br><br>SAFEWAY INC.; UNITED FOOD & COMMERCIAL WORKERS UNION, and DOES ONE through TWENTY,<br><br>  Defendants. | No. C-07-01902 RMW<br><br>ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS |

Defendant Safeway Inc. ("Safeway") moves to dismiss the first, second, fourth, and fifth causes of action in plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6). Defendant United Food & Commercial Workers Local 5 ("the Union") moves to dismiss all claims against the Union pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff, proceeding pro se, did not file an opposition but appeared at the hearing to explain the reasons for his failure to file responsive papers. For the reasons stated below, the court finds that plaintiff's claims are time-barred and grants defendants' motions to dismiss. The court has considered plaintiff's submission, but, while the court is sympathetic to plaintiff's personal situation, plaintiff's explanations do not provide a legal basis for extending the periods for timely filing.

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS—No. C-07-01902 RMW
LJP

# I. BACKGROUND

### A.     Factual Allegations[1]

Plaintiff Rafael Diaz ("Diaz") alleges that he was an employee of Safeway working as a "meat 'manager'" when discharged. In August 2002, his daughter died, causing Diaz to suffer severe depression, which he continues to suffer. In Fall 2002, he was transferred to the Sunnyvale store, where he had "problems adjusting to work" and made "requests for a new work environment." In 2003, a new Meat Merchandiser, Lisa Benson ("Benson"), began working at the Sunnyvale store. While aware of his depression, she allegedly "verbally and continually harassed Diaz" and "disrupted the work floor with her yelling and criticisms." Diaz complained to Human Resources about Benson in September 2004.

On December 26, 2004, Diaz weighed and priced six trays of shrimp at the request of another employee, Alonzo Anderson ("Anderson"). However, Anderson convinced another employee to sell him the trays for the same price per tray. In January 2005, Safeway suspended Diaz pending an investigation into potential misconduct with regard to the sales of shrimp. Diaz alleges that Safeway "repeated the false statement that Diaz 'stole' from Safeway . . . . to persons who had no interest in, or right to, these statements." Diaz also alleges that Safeway failed to conduct a proper investigation because it destroyed or eliminated the surveillance tape of the shrimp sales transaction and it failed to evaluate the impact of Diaz's depression on his ability to price the shrimp. On March 15, 2005, Safeway discharged Diaz.

Safeway and the Union held arbitration hearings on November 2 and December 27, 2005. Diaz alleges that the Union failed to contact crucial witnesses whose names he provided to the Union. The Union also allegedly "failed to go over the strategy and presentation at the Hearing" despite Diaz's requests that they prepare him for the hearing. On March 31, 2006, the Arbitrator for the grievance ruled that Safeway was justified in terminating Diaz's employment. The same month, Diaz filed a complaint with the Department of Fair Employment and Housing ("DFEH") alleging

---

[1] All of the factual allegations are taken from plaintiff's complaint. For the purposes of defendants' motions to dismiss, they are accepted as true.

complaints against both Safeway and the Union, but the DFEH did not respond to his complaints against the Union. On March 5, 2006, the DFEH issued a Right to Sue letter.

### B. Procedural History

On March 5, 2007, Diaz filed a six-count complaint in the Santa Clara County Superior Court against Safeway and the Union, setting forth claims for (1) discrimination and retaliation in violation of the California Fair Employment and Housing Act ("FEHA"), Government Code § 12940 *et seq.*, (2) violation of the California Family Rights Act ("CFRA"), Government Code § 12945.2, (3) tortious wrongful termination, (4) intentional infliction of emotional distress, (5) defamation, and (6) invasion of privacy. Defendants removed the case to federal court and now move to dismiss under Rule 12(b)(6). Safeway moves to dismiss claims (1), (2), (4), and (5). The Union moves to dismiss all claims against itself.

## II. ANALYSIS

### A. Legal Standard

In resolving a Rule 12(b)(6) motion to dismiss, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). Dismissal is proper only if the claimant "can prove no set of facts in support of his claim which would entitle him to relief." *Id.* Dismissal on statute of limitations grounds is proper when it affirmatively appears on the face of the complaint that the cause of action is necessarily time-barred. *Mertens v. Hewitt Assocs.*, 948 F.2d 607, 613 (9th Cir. 1991).

### B. Failure to Exhaust Administrative Remedies

Safeway and the Union argue that Diaz's claims under FEHA and CFRA were not timely filed with the DFEH. The court agrees. In order to bring a civil action under FEHA or CFRA, a plaintiff must exhaust his administrative remedies, which requires filing a complaint with the DFEH no more than one year after the date of the alleged unlawful practice. Cal. Gov't Code § 12960; *Okoli v. Lockheed Technical Operations Co.*, 36 Cal. App. 4th 1607, 1613 (1995) (outlining the requirements to sue under FEHA); *see* Cal. Code Regs. § 7297.8 (providing the general FEHA

1  remedies for violations of CFRA). Because Diaz filed his complaint with the DFEH in March 2006,
2  claims arising out of conduct prior to March 2005 must be dismissed as time-barred.

Diaz's FEHA claim against Safeway is based on their failure to reasonably accommodate his depression while he was working. *See* Pl.'s Compl. ¶¶ 39-40. Since Diaz was suspended as of January 2005, more than a year before he filed his complaint with the DFEH, the claim against Safeway is time-barred.

Diaz's FEHA claim against the Union arises out of its conduct toward Diaz and Safeway during the grievance and arbitration proceedings in November and December 2005. As such, these complaints were timely filed with the DFEH. However, as the Union correctly argues, this claim should properly be pleaded as a breach of the Union's duty of fair representation, as discussed in Part D-2 below.

Diaz's CFRA claim against both Safeway and Diaz arises out of Safeway's and the Union's failure "to permit or notify Diaz of the right to take a medical leave" in December 2004, well before March 2005. Pl.'s Compl. ¶ 48-50. Thus, this claim as against both defendants is time-barred.

**C.     Preemption**

Safeway argues that Diaz's claims for intentional infliction of emotional distress and defamation are preempted by the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 185 *et seq.*, and were not timely filed under the LMRA's six-month statute of limitations. A claim is preempted by the LMRA when it is "substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract," such as a collective bargaining agreement ("CBA"). *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985). A preempted claim must be either dismissed or recast as a claim under the LMRA. *Id.* Under the LMRA, the statute of limitations is six months. 29 U.S.C. § 160(b).

Although not explicit, Diaz's claim for infliction of emotional distress is apparently based on Safeway's conduct during the investigation of the shrimp sales (or the alleged failure to investigate) and on Benson's harassment. *See* Pl.'s Compl. ¶¶ 16-20, 26. Because the reasonableness of Safeway's conduct during the investigation may depend on construction of the CBA, that portion of the claim is preempted. *See Miller v. AT & T Network Sys.*, 850 F.2d 543, 549-51 (9th Cir. 1988);

CBA Art. II part B sec. (c) (providing for investigation of claims of unjust dismissal, demotion, or suspension). The portion of the claim based on Benson's harassment is preempted because it "concern[s] working conditions and disciplinary procedures covered by the collective bargaining agreement." *Scott v. Machinists Automotive Trades Dist. Lodge No. 190*, 827 F.2d 589, 594 (9th Cir. 1987) (finding claim for emotional distress arising out of accusations of poor performance was preempted). Because the claim is preempted, and all alleged conduct occurred more than six months before the March 2007 filing date of Diaz's complaint, the claim must be dismissed as time-barred.

### D.      Statute of Limitations

#### 1.      Defamation

Safeway argues that Diaz's claim for defamation is barred by the statute of limitations. California has a one-year statute of limitations for libel and slander, Cal. Civ. Proc. Code § 340(c), which governs Diaz's claim. Although Diaz broadly alleges that Safeway disclosed information about his suspension, investigation, and discharge "[b]efore and after the discharge" on March 15, 2005, the complaint does not suggest that Safeway took any actions related to Diaz after the arbitration hearing on December 27, 2005. Thus, as pleaded, the claim is time-barred.

To the extent the defamation claim is based on Safeway's statements during the initial investigation in January 2005, that claim is preempted and time-barred by the LMRA for the reasons given in Part C above.

#### 2.      Duty of Fair Representation

The Union argues that Diaz's claims against the Union are properly pleaded as breaches of the duty of fair representation and are thus barred by the statute of limitations. "A duty-of-fair-representation claim arises when a union that represents an employee in a grievance or arbitration procedure acts in a 'discriminatory, dishonest, arbitrary, or perfunctory' fashion." *Int'l Bhd. of Elec. Workers, AFL-CIO v. Hechler*, 481 U.S. 851, 865 n.6 (1987). Because such a claim is inextricably tied with a claim for the employer's breach of the CBA, it borrows the six-month statute of limitations of the LMRA. *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 164 (1983).

Diaz's FEHA and CFRA claims against the Union are based on its failure to procure witnesses, coach him for the hearing, and demand reasonable accommodations during the arbitration

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS—No. C-07-01902 RMW
LJP                                                                 5

proceedings. Pl.'s Compl. ¶¶ 32-33, 41-42. Fundamentally, these allegations are of "discriminatory, dishonest, arbitrary, or perfunctory" conduct that properly form the basis of a duty-of-fair-representation claim. *See* Pl.'s Compl. ¶¶ 43-44, 51-52 (discussing "Defendants' discriminatory acts" and alleging they were committed "maliciously, fraudulently, and oppressively"). Because the Union's representation of Diaz ended, at the latest, with the arbitrator's final decision in March 2006, which was more than six months before the filing of this action, the claim is time-barred.

### E.   No Other Claims Against the Union

Aside from the FEHA and CFRA claims, Diaz's causes of action do not raise any allegations against the Union.[2] Because the FEHA and CFRA claims are time-barred, all claims against the Union are dismissed.

## III. ORDER

For the foregoing reasons, defendants' motions to dismiss are granted. All causes of action against the Union and the causes of action against Safeway for violations of FEHA and CFRA, emotional distress,[3] and defamation are dismissed. The Union is dismissed as a party.

DATED:     6/11/07

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

---

[2] There is some small ambiguity as to the claims for defamation and invasion of privacy, where Diaz still refers to "defendants." Pl.'s Compl. ¶¶ 70, 75. However, plaintiff alleges no facts anywhere in the complaint that would make the Union liable for these claims.

[3] Safeway agrees that plaintiff may be entitled to recover for emotional distress arising out of the alleged wrongful termination to the extent he is successful on that claim. *See* Safeway Mot. Dismiss at 7 n.7.

**A copy of this order was mailed on**    **6/14/07**    **to:**

**Counsel for Plaintiffs:**

Rafael Diaz
835 Sylandale Avenue
San Jose, CA 95111

*PRO SE*

**Counsel for Defendants:**

Mark John Rogers
Dillingham & Murphy LLP
225 Bush Street, Sixth Floor
San Francisco, CA 94104

William F. Murphy
Dillingham & Murphy LLP
225 Bush Street, Sixth Floor
San Francisco, CA 94104

Caren P. Spencer
Weinberg, Roger & Rosenfeld
1001 Marina Village Parkway
Alameda, CA 94501

Counsel are responsible for distributing copies of this order to co-counsel, as necessary.

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS—No. C-07-01902 RMW
LJP

7