*E-filed on* 7/2/07

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RAFAEL DIAZ,<br><br>        Plaintiff,<br><br>    v.<br><br>SAFEWAY INC.; UNITED FOOD & COMMERCIAL WORKERS UNION, and DOES ONE through TWENTY,<br><br>        Defendants. | No. C-07-01902 RMW<br><br>ORDER GRANTING PLAINTIFF LEAVE TO AMEND HIS COMPLAINT |

On March 5, 2007, plaintiff Rafael Diaz ("Diaz") filed a six-count complaint in the Santa Clara County Superior Court against Safeway Inc. ("Safeway") and United Food & Commercial Workers Local 5 ("the Union"), setting forth claims for (1) discrimination and retaliation in violation of the California Fair Employment and Housing Act ("FEHA"), Government Code § 12940 *et seq.*, (2) violation of the California Family Rights Act ("CFRA"), Government Code § 12945.2, (3) tortious wrongful termination, (4) intentional infliction of emotional distress, (5) defamation, and (6) invasion of privacy.  Defendants removed the case to federal court.  Safeway moved to dismiss claims (1), (2), (4), and (5) and the Union moved to dismiss all claims against it.  After considering Mr. Diaz's arguments and letter presented on the day of the hearing, the court granted defendants'

ORDER GRANTING PLAINTIFF LEAVE TO AMEND HIS COMPLAINT—No. C-07-01902 RMW
MAG/LJP

1  motions in an order dated June 14, 2007, finding that plaintiff's FEHA, CFRA, and defamation
2  claims against Safeway were time-barred and plaintiff's claims against the Union were more
3  appropriately pleaded as a duty of fair representation claim, which was barred by a six-month statute
4  of limitations.  The court dismissed the Union as a defendant.  Plaintiff's claims for wrongful
5  termination and invasion of privacy against Safeway survive, as does plaintiff's claim for intentional
6  infliction of emotional distress, to the extent that claim relies upon the surviving claims against
7  Safeway.

8       The court originally did not grant plaintiff leave to amend, as it appeared from the face of the
9  complaint that the alleged events occurred outside of the relevant limitations periods and amendment
10 would be futile.  However, on June 19, 2007, Mr. Diaz submitted a letter to the court seeking to
11 "appeal" the court's ruling and explaining additional facts not set forth in the original complaint or
12 the letter submitted at the hearing regarding the Union's behavior in this matter.  Because he is
13 proceeding *pro se*, the court will treat Mr. Diaz's June 19, 2006 letter as a motion for relief under
14 Federal Rule of Civil Procedure 60 from this court's June 14, 2007 order.

15      In his June 19, 2007 letter, Mr. Diaz asserts that the Union did not inform him that there were
16 filing deadlines for his claims and that he was told he had to await his arbitration hearing before he
17 could file any civil claims.  According to Mr. Diaz, it was the Union's misrepresentations about how
18 to proceed that caused his delay in filing his civil claims.  These new facts may present a basis for
19 equitable modification of the statute of limitations.  *See, e.g.*, *Stallcop v. Kaiser Found. Hosps.*, 820
20 F.2d 1044, 1049-50 (9th Cir. 1987) (finding that equitable modification is available in hybrid actions
21 against a union and an employer); *Naton v. Bank of California*, 649 F.2d 691, 696 (9th Cir. 1981)
22 (setting forth two kinds of equitable modification: equitable tolling and equitable estoppel).

23      Because plaintiff has presented the court with additional facts that may permit him to state a
24 claim against the Union, and because he was not previously given an opportunity to amend his
25 complaint, the court finds some relief from its June 14, 2007 to be justified.  The court will allow
26 plaintiff to amend his complaint to include these allegations and to attempt to state a claim against
27 the Union and, to the extent applicable, against Safeway as to those claims that the court previously
28 found to be time-barred.

**ORDER**

For the foregoing reasons, the court grants plaintiff leave to amend his complaint.  Plaintiff has ten (10) days from the date of this order to file an amended complaint.  Because Safeway has already submitted its answer, it shall be permitted to submit an amended answer in response to plaintiff's amended complaint, if filed.

DATED:      7/2/07

*Ronald M Whyte*
RONALD M. WHYTE
United States District Judge

ORDER GRANTING PLAINTIFF LEAVE TO AMEND HIS COMPLAINT—No. C-07-01902 RMW
MAG/LJP                                                                 3

**A copy of this order was mailed on     7/2/07     to:**

**Counsel for Plaintiffs:**

Rafael Diaz
835 Sylandale Avenue
San Jose, CA 95111

*PRO SE*

**Counsel for Defendants:**

Mark John Rogers
Dillingham & Murphy LLP
225 Bush Street, Sixth Floor
San Francisco, CA 94104

William F. Murphy
Dillingham & Murphy LLP
225 Bush Street, Sixth Floor
San Francisco, CA 94104

Caren P. Spencer
Weinberg, Roger & Rosenfeld
1001 Marina Village Parkway
Alameda, CA 94501

Counsel are responsible for distributing copies of this order to co-counsel, as necessary.

**Dated:**     7/2/07                          /s/ MAG
                                        **Chambers of Judge Whyte**