*E-filed on*     9/24/07

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RAFAEL DIAZ,<br><br>            Plaintiff,<br><br>      v.<br><br>SAFEWAY INC.; UNITED FOOD &<br>COMMERCIAL WORKERS UNION, and<br>DOES ONE through TWENTY,<br><br>            Defendants. | No. C-07-01902 RMW<br><br>ORDER GRANTING DEFENDANT'S<br>SECOND MOTION TO DISMISS |

Defendants Safeway Inc. ("Safeway") and United Food & Commercial Workers Union ("Union") move to dismiss plaintiff Rafael Diaz's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The Union moves to dismiss all claims of plaintiff's amended complaint; Safeway moves to dismiss a subset of plaintiff's claims. Plaintiff, proceeding *pro se*, filed an opposition.[1]  For the reasons stated below, the court finds that plaintiff's claims are time-barred and grants defendants' motions to dismiss. The court has considered plaintiff's submission and finds plaintiff's explanations do not provide a legal basis for extending the periods for timely filing.

---

[1] Although plaintiff's opposition was filed late, the court will nevertheless consider his submission. Diaz is cautioned that *pro se* parties are obligated to follow all procedural rules and the failure to file papers timely can result in their not being considered.

ORDER GRANTING DEFENDANT'S SECOND MOTION TO DISMISS—No. C-07-01902 RMW
ST

# I. BACKGROUND

## A. Factual Allegations

Diaz alleges that he was an employee of Safeway working as a "meat 'manager'" when he was discharged from his employment on March 15, 2005. Complaint ¶ 10. In August 2002, his daughter died of Sudden Infant Death Syndrome, causing Diaz to suffer severe depression, which he continues to suffer. In Fall 2002, he was transferred to the Sunnyvale store, where he had "problems adjusting to work" and made "requests for a new work environment." *Id.* at ¶ 14. In 2003, a new Meat Merchandiser, Lisa Benson ("Benson"), began working at the Sunnyvale store. Aware of his depression, Benson allegedly "verbally and continually harassed Diaz" and "disrupted the work floor with her yelling and criticisms." *Id.* at ¶ 17. Diaz complained to Human Resources about Benson in September 2004.

On December 26, 2004, Diaz weighed and priced six trays of shrimp at the request of another employee, Alonzo Anderson ("Anderson"). Anderson convinced another employee to sell him the trays for the same price per tray. In January 2005, Safeway suspended Diaz pending an investigation into potential misconduct with regard to the sales of shrimp. Diaz alleges that Safeway "repeated the false statement that Diaz 'stole' from Safeway . . . . to persons who had no interest in, or right to, these statements." *Id.* ¶ 26. Diaz also alleges that Safeway failed to conduct a proper investigation because it destroyed or eliminated the surveillance tape of the shrimp sales transaction and it failed to evaluate the impact of Diaz's depression on his ability to price the shrimp. On March 15, 2005, Safeway discharged Diaz.

Safeway and the Union, on Diaz's behalf, held arbitration hearings on November 2 and December 27, 2005. Diaz alleges that the Union failed to contact crucial witnesses whose names he provided to the Union. The Union also allegedly "failed to go over the strategy and presentation at the Hearing" despite Diaz's requests that they prepare him for the hearing. *Id.* ¶ 32. On March 3, Diaz filed a complaint with the Department of Fair Employment and Housing ("DFEH") alleging complaints against both Safeway and the Union, but the DFEH did not respond to his complaints against the Union. On March 5, 2006, the DFEH issued a Right to Sue letter. On March 31, 2006,

the arbitrator for the grievance ruled that Safeway was justified in terminating Diaz's employment.

### B.     Procedural History

On March 5, 2007, Diaz filed a six-count complaint in the Santa Clara County Superior Court against Safeway and the Union, which set forth claims for (1) discrimination and retaliation in violation of the California Fair Employment and Housing Act ("FEHA"), Government Code § 12940 *et seq.*, (2) violation of the California Family Rights Act ("CFRA"), Government Code § 12945.2, (3) tortious wrongful termination of employment, (4) intentional infliction of emotional distress, (5) defamation, and (6) invasion of privacy.  Defendants removed the case to federal court and moved to dismiss under Rule 12(b)(6).  Safeway moved to dismiss claims (1), (2), (4), and (5).  The Union moved to dismiss all claims against it.  The court granted defendants' motions in an order dated June 14, 2007, finding that plaintiff's FEHA, CFRA, and defamation claims against Safeway were time-barred and plaintiff's claims against the Union were more appropriately pleaded as a violation of the duty of fair representation claim, which claim was barred by a six-month statute of limitations.  The court dismissed the Union as a defendant.  Plaintiff's claims for wrongful termination and invasion of privacy against Safeway were not challenged nor was plaintiff's demand for damages for emotional distress to the extent such relief is recoverable on the remaining claims against Safeway.

The court originally did not grant plaintiff leave to amend, as it appeared from the face of the complaint that the alleged events occurred outside of the relevant limitations periods and amendment would be futile.  On June 19, 2007, Mr. Diaz submitted a letter to the court to "appeal" the court's ruling and explained additional facts regarding the Union's behavior in this matter that were not set forth in the original complaint or the letter submitted at the hearing.  Because he is proceeding *pro se*, the court treated Mr. Diaz's June 19, 2006 letter as a motion for relief under Federal Rule of Civil Procedure 60 from this court's June 14, 2007 order.

In his June 19, 2007 letter, Mr. Diaz asserts that the Union did not inform him that there were filing deadlines for his claims and told him he had to await his arbitration hearing before he could file any civil claims.  According to Mr. Diaz, it was the Union's misrepresentations about how to proceed that caused his delay in filing his civil claims.  The court determined that Diaz might be able to present a basis for equitable tolling of the statute of limitations.  *See, e.g.*, *Stallcop v. Kaiser*

ORDER GRANTING DEFENDANT'S SECOND MOTION TO DISMISS—No. C-07-01902 RMW
ST                                                                      3

1 *Found. Hosps.*, 820 F.2d 1044, 1049-50 (9th Cir. 1987) (finding that equitable tolling is available in hybrid actions against a union and an employer); *Naton v. Bank of California*, 649 F.2d 691, 696 (9th Cir. 1981) (setting forth two kinds of equitable modification: equitable tolling and equitable estoppel).

Because plaintiff presented the court with additional facts that might have permitted him to state a claim against the Union, and because he was not previously given an opportunity to amend his complaint, the court found relief from its June 14, 2007 order to be appropriate. The court allowed plaintiff to amend his complaint to include facts that would serve to toll the statute of limitations on plaintiff's claims against the Union and against Safeway as to those claims the court had previously found to be time-barred.

## II. ANALYSIS

### A. Legal Standard

In resolving a Rule 12(b)(6) motion to dismiss, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). Dismissal is proper only if the claimant "can prove no set of facts in support of his claim which would entitle him to relief." *Id.* Dismissal on statute of limitations grounds is proper when it affirmatively appears on the face of the complaint that the cause of action is necessarily time-barred. *Mertens v. Hewitt Assocs.*, 948 F.2d 607, 613 (9th Cir. 1991).

### B. Statutes of Limitation

To bring a civil action under the FEHA or CFRA, a plaintiff must exhaust his administrative remedies, which requires filing a complaint with the Department of Fair Employment and Housing ("DFEH") within one year of the date of the alleged unlawful practice. Cal. Gov't Code § 12960; *Okoli v. Lockheed Technical Operations Co.*, 36 Cal. App. 4th 1607, 1613 (1995) (outlining the requirements to sue under FEHA); *see* Cal. Code Regs. § 7297.8 (providing the general FEHA remedies for violations of CFRA). Because Diaz filed his complaint with the DFEH in March 2006, claims arising out of conduct prior to March 2005 must be dismissed as time-barred.

1    Diaz's first claim alleging Safeway's violation of FEHA is based upon Safeway's failure to
2 act in good faith and reasonably accommodate Diaz's depression while he was working between his
3 daughter's death in August 2002 and his suspension in January 2005.  These alleged events occurred
4 more than one year before Diaz filed his Charge of Discrimination with the DFEH on March 3,
5 2006.  Diaz failed to exhaust his administrative remedies within the year-long statutory period,
6 causing this claim to be time-barred.
7    Diaz's FEHA claim against the Union arises out of its conduct toward Diaz and Safeway
8 during the grievance and arbitration proceedings in November and December 2005.  This claim
9 should properly be pleaded as a breach of the Union's duty of fair representation, guided by the six-
10 month statute of limitations of the Federal Labor-Management Relations Act.  *DelCostello v. Int'l*
11 *Bd. of Teamsters*, 462 U.S. 151, 164 (1983).  Because the Union's representation of Diaz ended, at
12 the latest, with the arbitrator's final decision in March 2006, more than six months before Diaz filed
13 this action, the claim is time-barred.
14    Diaz's CFRA claim against both Safeway and the Union arises out of Safeway's and the
15 Union's failure to "permit or notify Diaz of the right to take a medical leave" in December 2004,
16 well before March 2005.  Pl.'s Compl. ¶ 48-50.  Diaz filed with the DFEH more than one year after
17 the statutory period. Thus, this claim against both defendants is time-barred.
18    Diaz's claim for infliction of emotional distress is apparently based on Safeway's conduct
19 during the investigation of the shrimp sales in December 2004 and on Benson's harassment in late
20 2003.  *See* Pl.'s Compl. ¶¶ 16-20, 26.  Because the claim is preempted by the LMRA, and all alleged
21 conduct occurred more than six months before the March 2007 filing date of Diaz's complaint, Diaz
22 filed his civil suit more than eighteen months after the statutory period expired.  Thus, the claim
23 must be dismissed as time-barred.  Safeway's alleged wrongful termination of Diaz falls within the
24 statutory period between March 2005 and March 2007, and damages for emotional distress remain
25 viable to the extent applicable to that claim.
26    With respect to Diaz's defamation claim, California has an applicable one-year statute of
27 limitations for libel and slander, Cal. Civ. Proc. Code § 340(c).  Diaz does not adequately allege that
28 Safeway engaged in defamatory conduct after the arbitration hearing on December 27, 2005, and

ORDER GRANTING DEFENDANT'S SECOND MOTION TO DISMISS—No. C-07-01902 RMW
ST                                                            5

1  therefore his complaint is more than one year after the alleged defamation. Thus, the claim is time-
2  barred.

**C.    Failure to Present a Basis for Equitable Tolling of the Statute of Limitations.**

As before, defendants move to dismiss plaintiff's claim as barred by the statute of limitations. The court permitted plaintiff to amend his complaint to assert facts that would support equitable tolling of the statute of limitations.

"Both equitable tolling and equitable estoppel can be used to 'stop a limitations period from continuing to run after it has already begun to run.' " *Socop-Gonzalez v. I.N.S.*, 272 F.3d 1176, 1184 (9th Cir. 2001). Equitable tolling "focuses on the plaintiff's excusable ignorance of the limitations period and on lack of prejudice to the defendant," while estoppel "focuses on the actions of the defendant." *Id.* Diaz's evidence in support of equitable tolling and equitable estoppel is set forth in his Amended Complaint, which states, "From the beginning I was first told I had to wait for my Arbitration Hearing before I could file anything Civil with the Labor Board and I waited and afterwards I informed them of the outcome of my Arbitration it took several months for them to get back to me that they would not be able to take my case and I was informed to look for a lawyer." Amended Complaint at 4. In response to Diaz's inquiry into the possibility of appealing the Arbitration decision, the Union Representative allegedly said, "NO, there's nothing I can do, it's over." *Id.* Diaz's numerous phone calls to the Union were not returned and, at his meeting with the Union President, Diaz was informed the Arbitration "decision was final and there was nothing [the Union President] could do about it." *Id.* As set forth below, this evidence is insufficient to demonstrate either equitable tolling or equitable estoppel.

**1.  Equitable Tolling**

Equitable tolling permits a plaintiff to avoid the bar of a statute of limitations when, notwithstanding all due diligence, the plaintiff cannot obtain necessary information to give him the ability to pursue the claim. *Holmberg v. Armbrecht*, 327 U.S. 392, 397 (1946). Equitable tolling requires no action by the opposing party, yet generally applies where an opposing party's wrongful conduct prevents the plaintiff from pursuing a claim or when the plaintiff, by exercise of reasonable diligence, could not have discovered vital information bearing on the claim. *Holmberg*, 327 U.S. at

ORDER GRANTING DEFENDANT'S SECOND MOTION TO DISMISS—No. C-07-01902 RMW
ST                                                6

397; *In re United Ins. Mgmt., Inc.*, 14 F.3d 1380, 1386 (9th Cir. 1994). "One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence." *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984).

Courts apply the equitable tolling doctrine sparingly. *Lehman v. United States.*, 154 F.3d 1010, 1016 (9th Cir. 1998), *cert. denied*, 526 U.S. 1040 (1999). For instance, "the Supreme Court has allowed equitable tolling when the statute of limitations was not complied with because of defective pleadings, when a claimant was tricked by an adversary into letting a deadline expire, and when the [agency's written] notice of the statutory period was clearly inadequate. Courts have been generally unforgiving, however, when a late filing is due to claimant's failure 'to exercise due diligence in preserving his legal rights.' " *Id.* at 1016 (alteration in original).

In *Stallcop v. Kaiser Found. Hosps.*, 820 F.2d at 1049, the plaintiff asserted that the defendant's failure to notify her of the applicable statute of limitations merited equitable tolling of the statute of limitations. The court concluded that equitable tolling was not available because the defendant "had no duty to inform the plaintiff of the statute of limitations." *Stallcop*, 820 F.2d at 1050; *see Williams v. United States*, 711 F.2d 893, 899 (9th Cir. 1983) (stating that it is plaintiff's responsibility to adhere to the procedural requirements underlying his claim and that it is not the defendant's duty to advise the plaintiff where an action might be present); *see Lehman*, 154 F.3d at 1016  (statute of limitations not tolled where plaintiff, who, in pursuing an action against the United States, did not receive legal advice from the government's counsel).

Nothing in Diaz's amended complaint excuses ignorance of the relevant statute of limitations. The complaint does not state that a Union representative gave Diaz "affirmatively misleading (or, indeed, any) advice about the statute of limitations." *Lehman*, 154 F.3d at 1016. The amended complaint does not state that the Union prevented Diaz from filing the action or that the Union's attorney assured Diaz that the statute of limitations would be tolled. *Id.* (citing *Alvarez-Machain v. United States*, 107 F.3d 696, 701 (9th Cir. 1996) (stating a general rule that equitable tolling is available where defendants' wrongful conduct prevented the plaintiffs from pursuing their claims), *cert. denied*, 522 U.S. 814 (1997). The alleged instruction by the Union that Diaz postpone the pursuit of a civil claim is not sufficient to equitably toll of the statute of limitations. Even if it were

ORDER GRANTING DEFENDANT'S SECOND MOTION TO DISMISS—No. C-07-01902 RMW
ST                                                            7

sufficient to toll the statute until the arbitration decision on March 31, 2006, Diaz waited substantially longer than the six-month LMRA limitation period to file following the decision.

### 2. Equitable Estoppel

A statute of limitations may be tolled "if the defendant has affirmatively sought to mislead the charging party." *Villasenor v. Lockheed Aircraft Corp.*, 640 F.2d 207, 207-08 (9th Cir. 1981). To determine whether estoppel may toll the statute of limitations, the court must consider "of critical importance" a "showing of the plaintiff's actual and reasonable reliance on the defendant's conduct or representations," among other factors. *Naton*, 649 F.2d at 696. "Conduct or representations" by the defendant that tend to "lull the plaintiff into a false sense of security, can estop the defendant from raising the statute of limitations based upon the principle that no man may take advantage of his own wrong." *Atkins v. Union Pacific R. Co.*, 685 F.2d 1146, 1149 (9th Cir. 1982) (citations and alterations omitted). For equitable estoppel to apply, Diaz would have had to show that the Union engaged in "affirmative misconduct" when it provided Diaz with advice. *Socop-Gonzalez*, 272 F.3d at 1184. "Affirmative misconduct" involves "a deliberate lie" or "a pattern of false promises." *Id.* At most, Diaz's allegation is that the Union negligently provided information, which does not meet this definition. A single instance of misinformation alleged regarding when Diaz was permitted to file a civil claim against Safeway is insufficient to support an equitable estoppel claim against the Union. *See, e.g., Choate v. United States*, 218 F.R.D. 677, 680 (S.D. Cal. 2003) (finding "there is always a risk that misinformed agency employees may err in interpreting statutes and regulations, and consumers assume that risk."); *accord Wagner v. Director, Federal Emergency Management Agency*, 847 F.2d 515, 519 (9th Cir. 1988). Thus, Diaz's allegations are insufficient toll the statute of limitations on an equitable estoppel theory.

Further, as discussed above, Diaz waited almost one year after the arbitration decision to file. Thus, even if the Union lulled him into a false sense of security up until the arbitration decision, he did not act diligently thereafter.

### C. Dismissal of Claims Asserted in Diaz's Amended Complaint

The motions to dismiss Diaz's amended complaint filed by Safeway and the Union are

virtually identical to those submitted upon Diaz's original complaint. As set forth above, even construed in the light most favorable to Diaz, the amended complaint fails to state facts sufficient to toll the statute of limitations. Thus, the court dismisses all plaintiff's claims against the Union and those against Safeway for violations of CFRA, FEHA and defamation as set forth in the court's June 14, 2007 Order. Plaintiff's causes of action against Safeway for tortious wrongful termination of employment (based upon alleged retaliation for his complaints about discrimination and failure to accommodate) and invasion of privacy are still viable, and Safeway agrees that plaintiff, if successful on his remaining claims, may be entitled to recover for emotional distress arising out of the alleged wrongful termination. *See* Safeway Second Mot. Dismiss at 6 n.10.

### III. ORDER

For the reasons stated in the court's June 14, 2007 Order, defendants' motions to dismiss are granted. Plaintiff's causes of action against Safeway for violations of FEHA and CFRA, emotional distress, and defamation are dismissed. The Union is dismissed as a party. Plaintiff has 15 days leave to amend his defamation claim against Safeway if he can in good faith allege a particular defamatory statement that was made by Safeway within the statute of limitations period. Leave is not otherwise granted as plaintiff does not appear to have a basis to plead around the statute of limitations and has already been afforded an opportunity to do so.

DATED:     9/21/07

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

**A copy of this order was mailed on**   **9/24/07**   **to:**

**Counsel for Plaintiffs:**

Rafael Diaz
835 Sylandale Avenue
San Jose, CA 95111

*PRO SE*

**Counsel for Defendants:**

Mark John Rogers
Dillingham & Murphy LLP
225 Bush Street, Sixth Floor
San Francisco, CA 94104

William F. Murphy
Dillingham & Murphy LLP
225 Bush Street, Sixth Floor
San Francisco, CA 94104

Caren P. Spencer
Weinberg, Roger & Rosenfeld
1001 Marina Village Parkway
Alameda, CA 94501

Counsel are responsible for distributing copies of this order to co-counsel, as necessary.

**Dated:**   9/24/07                              /s/ MAG
                                         **Chambers of Judge Whyte**